IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2016

**DARREN BROWN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 06-08194          Chris Craft, Judge
_____

**No. W2016-00719-CCA-R3-ECN  -  Filed November 15, 2016**
_____

Petitioner, Darren Brown, appeals the dismissal of his petition for writ of error coram nobis after the coram nobis court determined that the petition was untimely.  We affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Eric Mogy, Knoxville, Tennessee, for the appellant, Darren Brown.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Over eight years ago, Petitioner was convicted of first degree murder and sentenced to life imprisonment after he killed the victim, Darren Taylor, by shooting him in the back four times while the victim was sitting in a parked car at County Line Grocery in Memphis.  *State v. Darren Brown*, No. W2008-01866-CCA-R3-CD, 2010 WL 22812, at *1 (Tenn. Crim. App. Jan. 5, 2010), *perm. app. denied* (Tenn. Apr. 14, 2010).  Petitioner's conviction was affirmed on direct appeal.  *Id.*  Subsequently, Petitioner sought post-conviction relief.  The petition was dismissed as untimely.  *Darren Brown v. State*, No. W2012-02584-CCA-MR3-PC, 2013 WL 6405736, at *1 (Tenn. Crim. App. Dec. 5, 2013), *perm. app. denied* (Tenn. May 14, 2014).  This Court affirmed the dismissal of the post-conviction petition on appeal.  *Id.*

On August 28, 2014, Petitioner filed a pro se petition for coram nobis relief, in which he alleged that the State failed to turn over an exculpatory statement given by one of the State's witnesses, Dorrell Jones. Petitioner acknowledged that the petition was untimely but argued that due process should toll the statute of limitations. Petitioner claimed that he was not aware of the statement until June 19, 2014.

The coram nobis court appointed an attorney to represent Petitioner at a hearing on the petition. The coram nobis court issued a written order denying the petition on the basis that the evidence was not newly discovered because the "evidence was in fact presented at trial." Additionally, the court found that the claim was "time-barred." Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner claims that the statement of Mr. Jones constituted newly discovered evidence and that the coram nobis court improperly denied relief. Petitioner acknowledges the untimely nature of the petition but fails to argue how or why the statute of limitations should be tolled in order for him to receive coram nobis relief. The State insists that the petition is untimely and that Petitioner has made "no attempt to challenge the coram nobis court's dismissal of his petition . . . or make argument that due process should toll the statute of limitations." We agree with the State.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). In order to seek coram nobis relief, a petitioner must "establish[] that the petitioner was 'without fault' in failing to present the evidence at the proper time." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). The coram nobis court will then determine "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *Id.* at 526.

A petition for a writ of error coram nobis must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103. For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. It has been the "longstanding rule that persons

seeking relief under the writ must exercise due diligence in presenting the claim." *Id.* The State bears the burden of raising the statute of limitations as an affirmative defense but the "failure to do so does not result in a waiver if the opposing party is given fair notice of the defense and an opportunity to rebut it." *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995).

It appears from the record before us that Petitioner's judgment became final in 2008. Petitioner did not file his petition for a writ of error coram nobis until 2014, well outside of the one-year statute of limitations period. On appeal, Petitioner does not present any argument that the statute of limitations should be tolled or explain how the coram nobis court erred by dismissing the petition. Accordingly, this issue is waived. *See* Tenn. R. App. P. 27(a)(7) (stating that an appellant's brief must contain an argument "[s]etting forth . . . the contentions of the appellant with respect to the issues presented, and the reasons therefore, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record. . . relied on"); Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this Court."). Moreover, Petitioner's claim of newly discovered evidence does not constitute a "later-arising" claim because the evidence at issue—the content of Mr. Jones's second statement to police—was actually part of the evidence at Petitioner's trial. In other words, Petitioner failed to prove that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *Vasques*, 221 S.W.3d at 527. Petitioner is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the coram nobis court.

_____
TIMOTHY L. EASTER, JUDGE

-3-